# United States Bankruptcy Court
## Middle District of Florida
## Jacksonville Division

In re **Neil McEachern / Elizabeth Rivera**
Debtor(s)

Case No. **3:10-bk-09365**
Chapter **11**

Individual Case under Chapter 11

## DEBTORS' AMENDED PLAN OF REORGANIZATION, DATED JUNE ___ 2012

### ARTICLE I
### SUMMARY

This Amended Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of the Debtors from future income of the Debtors derived from rental income generated from the real property that the Debtors own as well as other income from the Debtors' employment.

This Plan provides for 24 classes of secured claims, 1 class of unsecured claims, and 1 class of priority claims. Unsecured creditors holding allowed claims will receive distributions not less than the projected disposable income of the Debtor to be received during the five year period beginning on the date that the first payment is due under the Plan. This Plan also provides for the payment of administrative and priority claims either upon the effective date of this Plan or as allowed under the Bankruptcy Code. All creditors and equity security holders should refer to Articles II through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01   Class 1. All allowed claims entitled to priority under § 507 of the Code. All claims in Class 1 shall be paid in full at the time of confirmation of the Plan.

2.02   Class 2. First mortgage of Countrywide Home Loans, Inc. (BAC Home Loans/Bank of New York) on Debtors' homestead property at 2942 Lantana Lakes Drive East, Jacksonville, Florida 32246 (No Claim Filed).

This Class consists of the secured claim of Countrywide Home Loans, Inc. (BAC Home Loans/Bank of New York) on Debtors' homestead by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtors were current on this mortgage on the Petition date and will continue to make regular monthly payments directly to the lender on the original terms of the note.

Class 2 is unimpaired by the Plan. The holder of a Class 2 claim is not entitled to vote to accept or reject the Plan. Each holder of an allowed Class 2 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.03 <u>Class 3</u>. First mortgage of BAC Home Loans Servicing, LP on 32 Hawaiian Blvd, St. Augustine, Florida 32080 (Claim 17).

This Class consists of the secured claim of BAC Home Loans Servicing, LP on 32 Hawaiian Blvd, St. Augustine, Florida 32080 by virtue of a first mortgage recorded in the Public Records of St. Johns County, Florida. The Debtor will value the collateral at $120,000.00. The Debtor will pay the full value amount as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of St. Johns County, Florida. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 3 is impaired by the Plan. The holder of a Class 3 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 3 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.04 <u>Class 4</u>. Second mortgage of Wachovia Bank/Wells Fargo Bank on 32 Hawaiian Blvd, St. Augustine, Florida 32080 (Claim 3).

This Class consists of the secured claim of Wachovia Bank/Wells Fargo Bank on 32 Hawaiian Blvd, St. Augustine, Florida 32080 by virtue of a second mortgage recorded in the Public Records of St. Johns County, Florida. The value of class 4 claim is $0.00. This Plan avoids the lien Class 4 has on this real property. Any unsecured deficiency will be treated in the general unsecured creditor class.

Class 4 is impaired by the Plan. The holder of a Class 4 claim is entitled to vote to accept or reject the Plan.

2.05    Class 5. First mortgage of BAC Home Loans Servicing, LP 1856 Denmark Drive, Orange Park, Florida 32080 (Claim 5).

This Class consists of the secured claim of BAC Home Loans Servicing, LP on 1856 Denmark Drive, Orange Park, Florida 32080 by virtue of a first mortgage recorded in the Public Records of Clay County, Florida. The Debtor will value the collateral at $220,000.00. The Debtor will pay the full value amount as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Clay County, Florida. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 5 is impaired by the Plan. The holder of a Class 5 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 5 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.06    Class 6. First mortgage of JPMorgan Chase Bank on 123 Millers Trace, St. Marys, Georgia 31558 (Claim 20).

This Class consists of the secured claim of JPMorgan Chase Bank on 123 Millers Trace, St. Marys, Georgia 31558 by virtue of a first mortgage recorded in the Public Records of Camden County, Georgia. The Debtor will value the collateral at $46,000.00. The Debtor will pay the full value amount as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Camden County, Georgia. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 6 is impaired by the Plan. The holder of a Class 6 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 6 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.07      <u>Class 7</u>. First mortgage of JPMorgan Chase Bank on 121 Millers Trace, St. Marys, Georgia 31558 (Claim 14).

This Class consists of the secured claim of JPMorgan Chase Bank on 121 Millers Trace, St. Marys, Georgia 31558 by virtue of a first mortgage recorded in the Public Records of Camden County, Georgia. The Debtor will value the collateral at $97,291.44. The Debtor will pay the full value amount as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Camden County, Georgia. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 7 is impaired by the Plan. The holder of a Class 7 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 7 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.08      <u>Class 8</u>. First mortgage of BAC Home Loans Servicing LP on 2944 Sandy Branch, Jacksonville, Florida. (Claim 15)

This Class consists of the secured claim of BAC Home Loans Servicing LP on 2944 Sandy Branch, Jacksonville, Florida by virtue of a first mortgage recorded in the Public Records of Duval County, Florida. The Debtor will pay the fair market value of $190,000.00. The Debtor will pay the value as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Duval County, Florida. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 8 is impaired by the Plan. The holder of a Class 8 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 8 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.09      <u>Class 9</u>. Second mortgage of Wachovia Bank/Wells Fargo Bank 2944 Sandy Branch, Jacksonville, Florida (Claim 2).

This Class consists of the secured claim of Wachovia Bank/Wells Fargo Bank on 2944 Sandy Branch, Jacksonville, Florida by virtue of a second mortgage recorded in the Public Records of Duval County, Florida. The value of class 9 claim is $0.00. This Plan avoids the lien Class 9 has on this real property. Any unsecured deficiency will be treated in the general unsecured creditor class.

Class 9 is impaired by the Plan. The holder of a Class 9 claim is entitled to vote to accept or reject the Plan.

2.10    Class 10. First mortgage of Countrywide Home Loans, Inc. (BAC Home Loans/Bank of New York) on 6781/6783 Veronica Court South, St. Augustine, Florida 32086. (Claim 22)

This Class consists of the secured claim of Countrywide Home Loans, Inc. (BAC Home Loans/Bank of New York) on 6781/6783 Veronica Court South, St. Augustine, Florida 32086 by virtue of a first mortgage recorded in the Public Records of St. Johns County, Florida. The Debtor will pay the fair market value of $232,500.00. The Debtor will pay the value as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of St. Johns County, Florida. To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 10 is impaired by the Plan. The holder of a Class 10 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 10 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.11    Class 11. Second mortgage of Wachovia Bank/Wells Fargo Bank 6781/6783 Veronica Court South, St. Augustine, Florida 32086 (Claim 4).

This Class consists of the secured claim of Wachovia Bank/Wells Fargo Bank on 2944 Sandy Branch, Jacksonville, Florida by virtue of a second mortgage recorded in the Public Records of Duval County, Florida. The value of class 11 claim is $0.00. This Plan avoids the lien Class 11 has on this real property. Any unsecured deficiency will be treated in the general unsecured creditor class.

Class 11 is impaired by the Plan. The holder of a Class 11 claim is entitled to vote to accept or reject the Plan.

2.12    Class 12.  First mortgage of Countrywide Home Loans, Inc. (BAC Home Loans/Bank of New York) 1780 Denmark Drive, Orange Park, Florida 32080 (No Claim Filed).

This Class consists of the secured claim of Countrywide Home Loans, Inc. (BAC Home Loans/Bank of New York) on 1780 Denmark Drive, Orange Park, Florida 32080 by virtue of a first mortgage recorded in the Public Records of Clay County, Florida.  The Debtor will value the collateral at $112,000.00.  The Debtor will pay the full value amount as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.  The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Clay County, Florida.  To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 12 is impaired by the Plan.  The holder of a Class 12 claim is entitled to vote to accept or reject the Plan.  Each holder of an allowed Class 12 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.13    Class 13.  First mortgage of BAC Home Loans Servicing, LP on 106 Westridge Court, Kingsland, Georgia 31548 (Claim 13).

This Class consists of the secured claim of BAC Home Loans Servicing, LP on 106 Westridge Court, Kingsland, Georgia 31548 by virtue of a first mortgage recorded in the Public Records of Camden County, Georgia.  The Debtor will value the collateral at $73,000.00.  The Debtor will pay the full value amount as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.  The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Camden County, Georgia.  To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 13 is impaired by the Plan.  The holder of a Class 13 claim is entitled to vote to accept or reject the Plan.  Each holder of an allowed Class 13 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.14    Class 14.  Second mortgage of BAC Home Loans Servicing, LP on 106 Westridge Court, Kingsland, Georgia 31548 (No Claim Filed).

This Class consists of the secured claim of BAC Home Loans Servicing, LP on 106 Westridge Court, Kingsland, Georgia 31548  by virtue of a second mortgage recorded in the Public Records of Camden County, Georgia.  The value of class 14 claim is $0.00.  This Plan avoids the lien Class 14 has on this real property.  Any unsecured deficiency will be treated in the general unsecured creditor class.

Class 14 is impaired by the Plan.  The holder of a Class 14 claim is entitled to vote to accept or reject the Plan.

2.15    Class 15.  First mortgage of Fannie Mae/LBPS on 8995 Bensalem Drive, Jacksonville, Florida 32257 (Claim 12).

This Class consists of the secured claim of Fannie Mae/LBPS on 8995 Bensalem Drive, Jacksonville, Florida 32257  by virtue of a first mortgage recorded in the Public Records of Duval County, Florida.  The Debtor will value the collateral at $168,800.00.  The creditor filed an 1111(b) election.  Because of the election the Debtors will pay the full amount of the claim, $295,659.09, with 2% interest amortized over 360 months.   The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Duval County, Florida.  To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 15 is unimpaired by the Plan.  The holder of a Class 15 claim is NOT entitled to vote to accept or reject the Plan.  Each holder of an allowed Class 15 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.16    Class 16.  Second mortgage of JPMorgan Chase Bank, N.A. on 8995 Bensalem Drive, Jacksonville, Florida 32257  (No Claim Filed).

This Class consists of the secured claim of JPMorgan Chase Bank, N.A. on 8995 Bensalem Drive, Jacksonville, Florida 32257    by virtue of a second mortgage recorded in the Public Records of Duval County, Florida.  The value of class 16 claim is $0.00.  This Plan avoids the lien Class 16 has on this real property.  Any unsecured deficiency will be treated in the general unsecured creditor class.

Class 16 is impaired by the Plan.  The holder of a Class 16 claim is entitled to vote to accept or reject the Plan.

2.17    Class 17.  First mortgage of Citibank, N.A. on 9027 Tropical Bend Circle, Jacksonville, Florida 32256 (No Claim Filed).

This Class consists of the secured claim of Citibank, N.A. on 9027 Tropical Bend Circle, Jacksonville, Florida 32256 by virtue of a first mortgage recorded in the Public Records of Duval County, Florida.  The Debtor will value the collateral at $120,000.00.  The Debtor will pay the full value amount as a re-amortized first mortgage, together with interest at the rate of 4.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders Adequate Protection to the Creditor, whichever is earlier.  The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loan in the Public Records of Duval County, Florida.  To the extent that the foregoing mortgage secures an escrowed loan, then the escrow portion of the payment shall be added to the principal/interest amount and calculated in any new payments to be maintained under this Chapter 11 Plan.

Class 17 is impaired by the Plan.  The holder of a Class 17 claim is entitled to vote to accept or reject the Plan.  Each holder of an allowed Class 17 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.18    Class 18.  First mortgage of Greenpoint Mortgage on 151 Huntington Drive, Kingsland, Georgia 31548 (No Claim Filed).

This Class consists of the secured claim of Greenpoint Mortgage by virtue of a first mortgage recorded in the Public Records of Camden County, Georgia.  The Debtors were current on this mortgage on the Petition date and will continue to make regular monthly payments directly to the lender on the original terms of the note.

Class 18 is unimpaired by the Plan.  The holder of a Class 18 claim is not entitled to vote to accept or reject the Plan.  Each holder of an allowed Class 18 claim shall retain any lien encumbering real property of the Debtor in Possession.

2.19    Class 19.  First & Second mortgages of Wells Fargo Bank, N.A. on 8550 Touchton Road, Unit 1552, Jacksonville, Florida 32216. (Claims 7 & 8)

This Class consists of the secured claims of Wells Fargo Bank, N.A. on 8550 Touchton Road, Unit 1552, Jacksonville, Florida 32216 by virtue of a first and second mortgage recorded in the Public Records of Duval County, Florida.  The Debtors surrender the holders' interest in the collateral in full satisfaction of any claim filed by the claimholder.

Class 19 is unimpaired by the Plan.  The holder of a Class 19 claim is NOT entitled to vote to accept or reject the Plan.

2.20    Class 20. Statutory lien of Montreux at Deerwood Homeowners Association on 8550 Touchton Road, Unit 1552, Jacksonville, Florida 32216. (No Claim Filed)

This Class consists of the secured claim of Montreux at Deerwood Homeowners Association on 8550 Touchton Road, Unit 1552, Jacksonville, Florida 32216 by virtue of past due condo association fees. The Debtors surrender the holders' interest in the collateral in full satisfaction of any claim filed by the claimholder.

Class 20 is unimpaired by the Plan. The holder of a Class 20 claim is NOT entitled to vote to accept or reject the Plan.

2.21    Class 21. First mortgage of The Bank of New York Mellon on 216 Glenview Blvd, Unit 105, Daytona Beach, Florida 32118. (Claim 19)

This Class consists of the secured claim of The Bank of New York Mellon on 216 Glenview Blvd, Unit 105, Daytona Beach, Florida 32118 by virtue of a first mortgage recorded in the Public Records of Volusia County, Florida. The Debtors surrender the holders' interest in the collateral in full satisfaction of any claim filed by the claimholder.

Class 21 is unimpaired by the Plan. The holder of a Class 21 claim is NOT entitled to vote to accept or reject the Plan.

2.22    Class 22. Statutory lien of Glenview Homeowners Association on 216 Glenview Blvd, Unit 105, Daytona Beach, Florida 32118. (No Claim Filed)

This Class consists of the secured claim of Glenview Homeowners Association on 216 Glenview Blvd, Unit 105, Daytona Beach, Florida 32118 by virtue of past due condo association fees. The Debtors surrender the holders' interest in the collateral in full satisfaction of any claim filed by the claimholder.

Class 22 is unimpaired by the Plan. The holder of a Class 22 claim is NOT entitled to vote to accept or reject the Plan.

2.23    Class 23. First & Second mortgages of PNC Financial Services on 3591 Kernan Blvd., Unit 512, Jacksonville, Florida 32224. (No Claims Filed)

This Class consists of the secured claims of PNC Financial Services on 3591 Kernan Blvd., Unit 512, Jacksonville, Florida 32224 by virtue of a first and second mortgage recorded in the Public Records of Duval County, Florida. The Debtors surrender the holders' interest in the collateral in full satisfaction of any claim filed by the claimholder.

Class 23 is unimpaired by the Plan. The holder of a Class 23 claim is NOT entitled to vote to accept or reject the Plan.

2.24    Class 24. Statutory lien of Avanti Condominium Association on 3591 Kernan Blvd., Unit 512, Jacksonville, Florida 32224. (Claim 18)

This Class consists of the secured claim of Avanti Condominium Association on 3591 Kernan Blvd., Unit 512, Jacksonville, Florida 32224 by virtue of past due condo association fees. The Debtors surrender the holders' interest in the collateral in full satisfaction of any claim filed by the claimholder.

Class 24 is unimpaired by the Plan. The holder of a Class 24 claim is NOT entitled to vote to accept or reject the Plan.

2.25    Class 25. First mortgage of Citibank, N.A. on 3591 Kernan Blvd., Unit 802, Jacksonville, Florida 32224. (No Claim Filed)

This Class consists of the secured claim of Citibank, N.A. on 3591 Kernan Blvd., Unit 802, Jacksonville, Florida 32224 by virtue of a mortgage recorded in the Public Records of Duval County, Florida. The Debtors surrender the holders' interest in the collateral in full satisfaction of any claim filed by the claimholder.

Class 25 is unimpaired by the Plan. The holder of a Class 25 claim is NOT entitled to vote to accept or reject the Plan.

2.26    Class 26. All unsecured claims allowed under §502 of the Code.

This Class consists of the General Unsecured Claims, including any wholly unsecured second mortgage claims identified above and any unsecured portion of claims valued pursuant to 11 U.S.C. § 506.

The Debtor shall pay all projected disposable income for a period of 60 months to the holder of each Class 26 Claim in equal quarterly installments on the later of the effective date of the Plan or the date on which Class 26 claim becomes an allowed claim for full satisfaction of the unsecured claims. To the extent that the debtor sells or refinances any real property and receives a profit, then such profit shall be considered disposable income and committed to the unsecured creditors as stated above. Also the Debtors' tax refund while the case is pending will be considered disposable income and would go towards the unsecured creditors. The Debtor anticipates a distribution of $2,100.00 per quarter to the unsecured creditors.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

3.03     Priority Tax Claims.  Each holder of a priority tax claim will be paid in full by regular installments within 5 years of the date of the filing of the Petition by the Debtors in Possession in accordance with 11 U.S.C. § 1129(a)(9).

3.04     United States Trustee Fees.  All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code.  Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01     Claims and interests shall be treated as follows under this Plan:

**Class Impairment Treatment**

**Class 1 - Priority Claims.**

Unimpaired – The Debtor does not expect any priority claims outside of Attorney Fees and Trustee Fees.

**Class 2 – First mortgage of Countrywide Home Loans, Inc. (BAC Home Loans/Bank of New York) on Debtor's homestead property at 2942 Lantana Lakes Drive East, Jacksonville, Florida 32246 (No Claim Filed).**

Unimpaired – repaid at the original terms of the note and mortgage.

**Class 3 – First mortgage of BAC Home Loans Servicing, LP on 32 Hawaiian Blvd, St. Augustine, Florida 32080 (Claim 17).**

Impaired – repaid the value, together with interest of 4.25% over 360 months.

**Class 4 – Second mortgage of Wachovia Bank/Wells Fargo Bank on 32 Hawaiian Blvd, St. Augustine, Florida 32080 (Claim 3).**

Impaired – to be valued at $0.00 and treated as a general unsecured claim.

**Class 5 – First mortgage of BAC Home Loans Servicing, LP 1856 Denmark Drive, Orange Park, Florida 32080 (Claim 5).**

Impaired – repaid the value of the estates interest in property, together with interest of 4.25%.

**Class 6 – First mortgage of JPMorgan Chase Bank on 123 Millers Trace, St. Marys, Georgia 31558 (Claim 20).**

Impaired – repaid the value of the estates interest in property, together with interest of 4.25%.

**Class 7 – First mortgage of JPMorgan Chase Bank on 121 Millers Trace, St. Marys, Georgia 31558 (Claim 14).**

Impaired – repaid the value of the estates interest in property, together with interest of 4.25%.

**Class 8 – First mortgage of BAC Home Loans Servicing LP on 2944 Sandy Branch, Jacksonville, Florida. (Claim 15)**

Impaired – repaid the value of the estates interest in property, together with interest of 4.25%.

**Class 9 – Second mortgage of Wachovia Bank/Wells Fargo Bank 2944 Sandy Branch, Jacksonville, Florida (Claim 2).**

Impaired – to be valued at $0.00 and treated as a general unsecured claim.

**Class 10 – First mortgage of Countrywide Home Loans, Inc. (BAC Home Loans/Bank of New York) on 6781/6783 Veronica Court South, St. Augustine, Florida 32086. (No Claim)**

Impaired – repaid the value of the estates interest in property, together with interest of 4.25%.

**Class 11 – Second mortgage of Wachovia Bank/Wells Fargo Bank 6781/6783 Veronica Court South, St. Augustine, Florida 32086 (Claim 4).**

Impaired – to be valued at $0.00 and treated as a general unsecured claim.

**Class 12 – First mortgage of Countrywide Home Loans, Inc. (BAC Home Loans/Bank of New York) on 1780 Denmark Drive, Orange Park, Florida 32080 (No Claim Filed).**

Impaired – repaid the value of the estates interest in property, together with interest of 4.25%.

**Class 13 – First mortgage of BAC Home Loans Servicing, LP on 106 Westridge Court, Kingsland, Georgia 31548 (Claim 13).**

Impaired – repaid the value of the estates interest in property, together with interest of 4.25%.

**Class 14 – Second mortgage of BAC Home Loans Servicing, LP on 106 Westridge Court, Kingsland, Georgia 31548 (No Claim Filed).**

Impaired – to be valued at $0.00 and treated as a general unsecured claim.

**Class 15 - First mortgage of Fannie Mae/LBPS on 8995 Bensalem Drive, Jacksonville, Florida 32257 (Claim 12).**

Impaired – repaid the full claim amount, together with interest of 2%.

**Class 16 – Second mortgage of JPMorgan Chase Bank on 8995 Bensalem Drive, Jacksonville, Florida 32257  (No Claim Filed).**

Impaired – to be valued at $0.00 and treated as a general unsecured claim.

**Class 17 – First mortgage of Citibank, N.A. on 9027 Tropical Bend Circle, Jacksonville, Florida 32256 (No Claim Filed).**

Impaired – repaid the value of the estates interest in property, together with interest of 4.25%.

**Class 18 – First mortgage of Greenpoint Mortgage on 151 Huntington Drive, Kingsland, Georgia 31548 (No Claim Filed).**

Unimpaired – repaid at the original terms of the note and mortgage.

**Class 19 – First & Second mortgages of Wells Fargo Bank, N.A. on 8550 Touchton Road, Unit 1552, Jacksonville, Florida 32216. (Claims 7 & 8)**

Unimpaired – surrendered back to the creditor in full satisfaction of the debt.

**Class 20 – Statutory lien of Montreux at Deerwood Homeowners Association on 8550 Touchton Road, Unit 1552, Jacksonville, Florida 32216. (No Claim Filed)**

Unimpaired – surrendered back to the creditor in full satisfaction of the debt.

**Class 21 – First mortgage of The Bank of New York Mellon on 216 Glenview Blvd, Unit 105, Daytona Beach, Florida 32118. (Claim 19)**

Unimpaired – surrendered back to the creditor in full satisfaction of the debt.

**Class 22 – Statutory lien of Glenview Homeowners Association on 216 Glenview Blvd, Unit 105, Daytona Beach, Florida 32118. (No Claim Filed)**

Unimpaired – surrendered back to the creditor in full satisfaction of the debt.

**Class 23 – First & Second mortgages of PNC Financial Services on 3591 Kernan Blvd., Unit 512, Jacksonville, Florida 32224. (No Claims Filed)**

Unimpaired – surrendered back to the creditor in full satisfaction of the debt.

**Class 24 – Statutory lien of Avanti Condominium Association on 3591 Kernan Blvd., Unit 512, Jacksonville, Florida 32224. (Claim 18)**

Unimpaired – surrendered back to the creditor in full satisfaction of the debt.

**Class 25 – First mortgage of Citibank, N.A. on 3591 Kernan Blvd., Unit 802, Jacksonville, Florida 32224. (No Claim Filed)**

Unimpaired – surrendered back to the creditor in full satisfaction of the debt.

**Class 26 –General Unsecured Claims.**

Impaired – Anticipated distribution of approximately $2,100.00 per quarter to unsecured creditors.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01   Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

5.02   Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03   Settlement of Disputed Claims.  The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01   Assumed Executory Contracts and Unexpired Leases.

(a)   The Debtors assume the following executory contracts and/or unexpired leases effective upon the date of the entry of the order confirming this Plan:

1. Leases between debtors and all tenants currently renting properties on the confirmation date.

(b) The Debtors will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## GENERAL PROVISIONS

7.01 <u>Definitions and Rules of Construction</u>. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions: N/A

7.02 <u>Effective Date of Plan</u>. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03 <u>Severability</u>. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04 <u>Binding Effect</u>. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05 <u>Captions</u>. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06 <u>Controlling Effect</u>. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE VIII
## DISCHARGE

8.01 <u>Discharge</u>. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE IX
## OTHER PROVISIONS

9.01 <u>Payments.</u> Payments to the various Classes under this Plan shall commence on the first (1st) day of the month following the date that the Plan becomes final and non-appealable unless otherwise specifically stated with respect to treatment of each particular class.

By: _____
Jason A. Burgess
Attorney for the Debtors in Possession
118 West Adams Street
Suite 900
Jacksonville, Florida 32202
(904) 354-5065
Florida Bar No. 40757

_____
Neil McEachern

_____
Elizabeth Rivera